UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OREN SNOWDEN,<br><br>Defendant. | Case Nos. 2:18-CR-18-RCJ-GWF<br><br>2:19-CV-552-RCJ<br><br>**ORDER** |

After pleading guilty, Defendant collaterally attacks his conviction and sentence, claiming ineffective assistance of counsel among other arguments. However, Defendant's contentions cannot overcome the strong presumption of effective assistance, and he waived his other arguments. Thus, the Court denies his motion.

**FACTUAL BACKGROUND**

After serving a sentence for a felony conviction under NRS 453.337 for drug trafficking, Defendant sold cocaine to an undercover police officer. (ECF No. 37 at 4.) With this information, police officers obtained a warrant to search Defendant's residence, which uncovered six firearms, ammunition, 1,811 grams of marijuana, 37 grams of methamphetamine, 15 grams of cocaine, 12

grams of MDMA tablets, and drug paraphernalia. (PSR at 6.) According to the Presentence Report (PSR), the "firearms were located together with drugs at the residence." (PSR at 8.)

The United States initiated a criminal case against Defendant by complaint based on this conduct. (ECF No. 1.) The grand jury returned an indictment for four counts: three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 20.)

Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance and the count of felon in possession of a firearm. (ECF No. 37.) For sentencing, Defendant admitted that his base offense level should be twenty for the count of felon in possession of a firearm because of his prior conviction under NRS 453.337. (*Id.* at 5.) Defendant further agreed that some sentencing enhancements applied, including an enhancement under U.S.S.G. § 2K2.1(b)(6)(B), since he used a firearm in connection with his possession with intent to distribute a controlled substance. (*Id.* at 6.) Lastly, Defendant agreed not to challenge his conviction by appeal or collateral attack except for claims of ineffective assistance of counsel. (*Id.* at 10.)

In exchange for his plea, the Government dismissed the other felonies from the indictment and agreed not to bring other potential charges based on Defendant's conduct. (*Id.* at 3.) Additionally, the Government recommended a two-level downward adjustment to the Court. (*Id.* at 6.)

Presently, Defendant collaterally attacks his sentence under 28 U.S.C. § 2255 seeking to "vacate set aside and correct his sentence, grant his evidentiary hearing, and provide him assistance of counsel." (ECF No. 44.) In addition to other arguments, he claims that his counsel, Ms. Gettel, was constitutionally ineffective. Lastly, he requests that the Court issue a certificate of appealability if the Court denies his petition.

## LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the motion if the case record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b). Otherwise, a court should grant a hearing to make the necessary findings of fact and conclusions of law to rule on the motion. *Id.*

On dismissal, a court should determine whether to issue a certificate of appealability. A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the petitioner show that reasonable jurists could find claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## ANALYSIS

Defendant challenges his conviction and sentence under Section 2255 claiming: (1) ineffective assistance of counsel; (2) the Court miscalculated his guidelines; and (3) his conviction failed to comply with *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Defendant has not shown that his counsel was constitutionally deficient, and he waived his other claims under his plea agreement. For these reasons, the Court denies the petition.

///

*I.     Defendant's Counsel Performed Reasonably*

Defendant claims that Ms. Gettel's assistance was ineffective for five reasons: First, she did not challenge the sentencing enhancement under U.S.S.G. § 2K2.1. Second, she accepted that Defendant's prior conviction under NRS 453.337 increased the base offense level. Third, she did not move to exclude evidence obtained in violation of the Fourth Amendment. Fourth, she did not inform the Court that he was never in prison for longer than one year. Fifth, she did not request a pre-plea report. The Court will address each claim in turn.

To prove a claim of ineffective assistance of counsel, a petitioner must show that his counsel's assistance was deficient, and this deficiency prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is deficient when his "acts or omissions were outside the wide range of professionally competent assistance" and there is a strong presumption that a counsel's performance is adequate. *Id.* at 690–91. For prejudice, a petitioner must prove a reasonable probability that the outcome would have been different. *Id.* at 694. The touchstone for prejudice in collateral attacks of plea agreements is whether the defendant would have insisted on going to trial but for his counsel's ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

*a.     Failure to Challenge the Sentencing Enhancement Under U.S.S.G. § 2K2.1*

Defendant argues that the facts do not prove that he used a firearm in connection with a drug-related felony, so the sentencing enhancement under U.S.S.G. § 2K2.1 was inappropriate. He argues that Ms. Gettel did not challenge the application of this enhancement rendering her assistance constitutionally defective. However, the facts show that the enhancement was likely proper and waiving this challenge for the benefits of the plea agreement was reasonable.

In order for this enhancement to apply, the Government must establish a nexus between the firearms and drugs to show that a defendant intended to use the firearms in furtherance of a drug trafficking crime. *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004). In deciding the

requisite nexus, a court should look to the "proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006) (citing *Krouse*, 370 F.3d at 968).

Here, according to the PSR, police found six firearms, ammunition, 1,811 grams of marijuana, 37 grams of methamphetamine, 15 grams of cocaine, 12 grams of MDMA tablets, and drug paraphernalia in his dwelling. (PSR at 6.) The PSR specifically notes that the "firearms were located together with drugs at the residence." (PSR at 8.) At his sentencing hearing, Defendant affirmed that he had read the PSR and did not object. (ECF No. 51 at 3.) Presently, he does not claim that these facts are inaccurate, so the Court relies on them. These admissions provide powerful support that the enhancement was appropriate.

This case is analogous to *United States v. Mosley*, 465 F.3d 412, 418 (9th Cir. 2006). There the Ninth Circuit upheld a finding that a defendant used firearms in connection with a drug trafficking crime when police found drugs and drug proceeds stored at the defendant's apartment with guns strategically located on the premises. Here, Defendant stored his guns together with his drugs and ammunition at his apartment just like in *Mosley*. Accordingly, even if Defendant had challenged this enhancement, the challenge would not likely prevail.

Furthermore, waiving the challenge to the enhancement was reasonable because the Government provided ample consideration in exchange. The Government dismissed two other felonies from the indictment, requested a two-level downward adjustment, and agreed not to bring other charges based on the conduct including a potential felony charge under 18 U.S.C. § 924(c), which carries a mandatory minimum sentence of five years consecutive to any other imprisonment this Court imposed. Since the facts support the enhancement and Defendant received valuable consideration in exchange for waiving his challenge to it, Ms. Gettel's recommendation to accept the plea with this enhancement was reasonable. Therefore, the Court denies this claim.

*b.     Failure to Challenge Prior Conviction Under NRS 453.337*

Next, Defendant claims that Ms. Gettel should have challenged whether his prior felony conviction under NRS 453.337 increased his base offense level under the sentencing guidelines from 14 to 20 under U.S.S.G. § 2K2.1(a). Defendant does not challenge that Nevada convicted him of a felony for violating the statute but argues that this conviction cannot qualify as the generic felony under the guidelines, because the statute is overbroad and indivisible. If true, then his prior conviction might not properly increase his base offense level.

The caselaw on this issue is currently in flux. At the time that Defendant pleaded guilty, the Ninth Circuit was considering the issue in an unrelated case and issued its ruling three months later. There the circuit held that the statute was overbroad and presented certified questions to the Nevada Supreme Court to determine whether the statute is divisible. *United States v. Figueroa-Beltran*, 892 F.3d 997, 1004 (9th Cir. 2018). Since that time, this Court has ruled that a subsequent case from the Nevada Supreme Court has shown NRS 453.337 is divisible. Order, *United States v. Cesar Angulo-Cruz*, 2:18-cr-00316-RCJ-EJY, ECF No. 35. However, the Nevada Supreme Court has not yet ruled on the issue and other cases from this District have disagreed. *See, e.g.*, Order, *United States v. Ismael Aquero-Cadenas*, 3:17-cr-00088-MMD-WGC, ECF No. 31.

Defendant contends that not challenging the application of his prior felony conviction constitutes deficiency. A petitioner might demonstrate deficiency when counsel advises a defendant to plead guilty to a crime in conflict with established law. *United States v. Kelly*, 62 F.3d 1215, 1217 (9th Cir. 1995). However, a petitioner cannot overcome the strong presumption of effective assistance where the law is less clear and where the government dismisses other serious charges. *United States v. Baramdyka*, 95 F.3d 840, 846 (9th Cir. 1996).

Here, the six-point increase to the base offense level does not conflict with clearly established law as this Court has already held NRS 453.337 to be divisible. Additionally, the

Government provided valuable consideration by agreeing to not bring any other charges based on the conduct and seeking the two-level downward adjustment. Consequently, the record shows that Defendant has not overcome the presumption that Ms. Gettel performed effectively.

    *c.     Failure to Move to Exclude Evidence*

Defendant also asserts that Ms. Gettel was deficient for not moving to exclude evidence purportedly obtained in violation of the Fourth Amendment. Specifically, Defendant concludes that Ms. Gettel should have moved to exclude the firearms found in his apartment, because neither the search warrant nor the affidavit in support of its application mentioned firearms. However, when police find illicit material while executing a valid search warrant the Fourth Amendment does not necessarily require its suppression.

The evidence of the firearms that the officers uncovered while executing the search warrant of Defendant's residence is valid under the plain view doctrine. Under the "plain-view" doctrine, evidence of a crime may be seized where "the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed," "the item [was] in plain view," and "its incriminating character [was] 'immediately apparent.'" *Horton v. California*, 496 U.S. 128, 136–37 (1990) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)).

Here, officers were legally in his residence searching areas and containers that could have drugs because of the search warrant. Next, officers found the firearms together with drugs. Last, with Defendant's felony status, the illicit nature of the firearms was immediately apparent. Defendant does not dispute any of these facts. Thus, if Ms. Gettel moved to suppress the evidence with these facts, she would have failed. Failure to make a meritless argument is not ineffective.

    *d.     Failure to Inform the Court of Prior Prison Sentences*

Defendant appears to believe that if he did not serve a prison sentence of greater than one year, then he is not a felon under 18 U.S.C. § 922(g)(1). Thus, he claims that Ms. Gettel's failure

to advise the Court of his prior prison sentences was ineffective assistance. However, Defendant misunderstands the definition of felony under the statute. A felony is a crime that is *punishable* by greater than one year regardless of whether a court actually imposes such a sentence. *Id.* Whether Defendant served a prison sentence greater than one year has no bearing on his conviction under 18 U.S.C. § 922(g)(1), so this claim is meritless.

   *e.*  *Failure to Request a Pre-Plea Report*

Lastly, Defendant argues that Ms. Gettel was ineffective for failing to request a pre-plea report. Pre-plea reports are rare and provide a criminal history before entering into a plea agreement. *See, e.g.*, *United States v. Madrigal-Diaz*, No. CR 07-0309 WHA, 2011 WL 13311550, at *7 (N.D. Cal. May 19, 2011). Defendant does not show that if he had a pre-plea report that he would not have pleaded guilty, so this cannot constitute ineffective assistance of counsel. In sum, the Court denies all bases for ineffective assistance of counsel, and a hearing is unnecessary because the record conclusively shows that these contentions do not merit relief. *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) (affirming district court's denial of evidentiary hearing when evidence in the record showed that the petitioner's case would fail).

## *II.* *Defendant Waived All Other Challenges*

Defendant raises additional bases for granting him relief, but he waived these arguments. (ECF No. 37 at 10 ("The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.").) These waivers are valid so long as a defendant enters them voluntarily and knowingly. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). A defendant can waive almost all challenges to a conviction including retroactive changes to substantive law in his favor. *United States v. Snider*, 180 F. Supp. 3d 780, 791 (D. Or. 2016) (collecting cases).

Defendant argues that his plea was involuntary because his counsel was ineffective, (ECF No. 44 at 15–16), and because he entered the agreement under duress, (*Id.* at 6). First, the Court has already found counsel to be effective, so the Court denies Defendant's first argument. Second, he claims duress based on his fear that he would get a harsher sentence if he did not sign the plea agreement. This is not sufficient duress—if it was sufficient, then every plea agreement would be invalid. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363–64 (1978). Additionally, in the plea agreement Defendant averred that he entered into the plea agreement knowingly and voluntarily. (ECF No. 37 at 2, 10). Furthermore, at the change-of-plea hearing, Defendant affirmed the Government's summary of the plea agreement. (ECF No. 50 at 20:5–7); *see Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The summary included waiving his rights to collaterally attack his conviction except for claims of ineffective assistance of counsel. (*Id.* at 19:5–9.)

In total, the record shows that Defendant knowingly and voluntarily entered into the plea agreement including his waiver of rights to collaterally attack his sentence. Hence, the Court denies the remainder of his challenges to his conviction based on his waiver, and a hearing is also unnecessary for this issue.

### III. *Certificate of Appealability*

Since the Court denies the petition, it turns to Defendant's request for a certificate of appealability. A district court should issue a certificate of appealability if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the petitioner must show that reasonable jurists would find that the claims are "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the petition, Defendant made two requests that potentially had merit: ineffective assistance of counsel for failing to challenge the prior felony and ineffective assistance of counsel

for failing to challenge the enhancement under U.S.S.G. § 2K2.1. As discussed above, challenges to these enhancements to Defendant's sentence could have theoretically succeeded but would have likely failed. However, in consideration for waiving these challenges, the Government dismissed two other felony charges from the indictment, agreed not to bring other charges based on Defendant's conduct (including a potential charge that carried a mandatory five-year consecutive sentence), and agreed to request a two-point downward adjustment to Defendant's sentence. No reasonable jurist would find these allegations of ineffective assistance of counsel to overcome the strong presumption of effective assistance. Furthermore, the rest of Defendant's claims are meritless. Therefore, the Court declines to issue a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED. Dated March 2, 2020.

_____
ROBERT C. JONES
United States District Judge